IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GORDON G. STORKE,[1]<br>ANTONIO FREEMAN, and RECCO VAN<br><br>v.<br><br>SONYA TROUTT, et al. | )<br>)<br>)<br>)  NO. 3:10-00697<br>)<br>) |

TO: Honorable Aleta Trauger, District Judge

**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered November 9, 2010 (Docket Entry No. 43), the Court referred this action to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

The action was filed pro se and in forma pauperis by Gordon Stroke, Antonio Freeman, and Recco Van, all of whom were inmates at the Sumner County Jail ("Jail") at the time the lawsuit was filed. They sued former Sumner County Sheriff Bob Barker and Jail Administrator Sonya Troutt for violations of their civil rights and for negligence based

---

[1] By Order entered September 28, 2010 (Docket Entry No. 21), the Court dismissed this action as to plaintiff Gordon G. Storke for failure to comply with the orders of the Court and for want of prosecution.

on alleged events surrounding an attack on them by other inmates at the Jail during the summer of 2010. Plaintiff Freeman later amended his complaint adding seven new defendants - Charles Bandy, Alexander Williams, Jeremy Wilkerson, Joey Rush, Kimberly Cherry, Chris Tarlecky, and Lance Hampton - based on their alleged involvement in the events set out in the original complaint and in other events alleged to have occurred at the Jail. See Docket Entry No. 29. Plaintiff Freeman was also permitted to amend his complaint a second time to supplement his factual allegations and amend his claims for relief. See Order entered December 20, 2010 (Docket Entry No. 59). Joint answers to the first and second amended complaints were filed by defendants Troutt, Bandy, Williams, Wilkinson, Rush, Cherry, Tarlecky, and Hampton. See Docket Entry Nos. 58 and 74.

By Order entered December 21, 2010 (Docket Entry No. 61), the Court noted that it appeared that plaintiff Recco Van was no longer incarcerated at the Jail and gave him until January 10, 2011, to file a notice with the Court of his current address and a statement that he intends to continue prosecuting this action. Plaintiff Van was warned that failure to timely file such a notice may result in his dismissal from the action.

Plaintiff Van has not complied with the Court's directive to file a notice. Accordingly, the Court finds that his dismissal from the action is appropriate under Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to

2

prosecute by the plaintiff. Carter v. City of Memphis, Tenn., 636 F.2d 159, 161 (6th Cir. 1980). Additionally, it is well-settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Plaintiff Van's failure to respond in any way to the Court's directive to file a notice and his failure to keep the Court informed of his current address both indicate that he no longer desires to prosecute the action. As a practical matter, the claims of plaintiff Van cannot move forward because his current whereabouts are unknown. The defendants have been prejudiced by being unable to resolve the claims brought against them and by being required to expend funds defending a case in which plaintiff Van has apparently lost interest. Dismissal of the claims with prejudice is appropriate in light of plaintiff Van's lack of interest in the action and the needless expenditure of resources caused by his conduct.

By the Order entered December 21, 2010, the Court also noted that defendant Barker died on August 17, 2010, and gave the plaintiffs 90 days from entry of the Order to move to substitute another party in place of Barker.[2] The plaintiffs were specifically cautioned that if such a motion was not filed, Rule 25(a)(1) required that the claims against defendant Barker be dismissed. No such motion has been filed on behalf of the plaintiffs.

---

[2] On January 7, 2011, the other defendants in the action filed a suggestion of death of defendant Barker. See Docket Entry No. 76.

Accordingly, the claims against defendant Barker in his individual capacity should be dismissed.[3]

**RECOMMENDATION**

For the reasons set out herein, the Court respectfully RECOMMENDS that:

1) the claims of plaintiff Recco Van be DISMISSED WITH PREJUDICE under Rule 41(b) of the Federal Rules of Civil Procedure and that plaintiff Recco Van be DISMISSED from the action; and

2) the individual capacity claims against defendant Bob Barker be DISMISSED WITH PREJUDICE under Rule 25(a)(1) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and

---

[3] Pursuant to Rule 25(d), Sonny Weatherford, the current Sumner County Sheriff and successor to defendant Barker, shall be automatically substituted as a defendant to the action with respect to the official capacity claims brought against Barker. However, because it does not appear that Barker was ever served with process in this action, see Docket Entry No. 61, at 2 n.3, in a contemporaneously entered order, the Clerk has been directed to issue process to Weatherford.

Recommendation. See <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

        _____
        JULIET GRIFFIN
        United States Magistrate Judge