IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTONIO FREEMAN )
)
v. ) NO. 3:10-0697
)
SONYA TROUTT, et al. )

TO:  Honorable Aleta Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered November 9, 2010 (Docket Entry No. 43), the Court referred this action to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is a motion to dismiss the complaint (Docket Entry No. 92) and motion to dismiss the amended complaint (Docket Entry No. 103) filed by Defendant Sonny Weatherford. The plaintiff has not filed a response to the motions.[1] For the reasons set out below, the Court recommends that the motions be granted.

---

[1] By Order entered April 7, 2011 (Docket Entry No. 94), the plaintiff was advised of defendant Weatherford's first motion to dismiss and was given a deadline of May 16, 2011, to respond to the motion. Although an order was not entered advising the plaintiff of the second motion to dismiss and setting a response deadline, the time for the plaintiff to file a response to the second motion, which was filed on April 26, 2011, has now passed.

# I. BACKGROUND

The action was filed pro se and in forma pauperis by Gordon Storke, Antonio Freeman, and Recco Van. The plaintiffs were inmates at the Sumner County Jail ("Jail") at the time the lawsuit was filed but are no longer confined at the Jail. They sued former Sumner County Sheriff Bob Barker and Jail Administrator Sonya Troutt for violations of their civil rights and for negligence based on alleged events surrounding an attack on them by other inmates at the Jail during the summer of 2010. Plaintiff Freeman later amended his complaint adding seven new defendants - Charles Bandy, Alexander Williams, Jeremy Wilkerson, Joey Rush, Kimberly Cherry, Chris Tarlecky, and Lance Hampton - based on their alleged involvement in the events set out in the original complaint and in other events alleged to have occurred at the Jail. See Docket Entry No. 29. Plaintiff Freeman was also permitted to amend his complaint a second time to supplement his factual allegations and amend his claims for relief. See Order entered December 20, 2010 (Docket Entry No. 59). By Orders entered September 28, 2010 (Docket Entry No. 21), and April 27, 2011 (Docket Entry No. 104), respectively, the Court dismissed the claims of plaintiffs Storke and Van from the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Joint answers to the first and second amended complaints were filed by defendants Trout, Bandy, Williams, Wilkinson, Rush, Cherry, Tarlecky, and Hampton, see Docket Entry Nos. 58 and 74, and a scheduling order (Docket Entry No. 82) has been entered in the action. On January 7, 2011, a suggestion of the death (Docket Entry No. 76) of defendant Barker was filed, and current Sumner County Sheriff Sonny Weatherford was later substituted for Barker with respect to the official capacity claims brought against defendant Barker. See Order entered March 17, 2011

(Docket Entry No. 78). By Order entered April 27, 2011 (Docket Entry No. 104), the individual capacity claims brought against defendant Barker were dismissed with prejudice.[2]

## II. MOTIONS TO DISMISS

By his motions to dismiss, defendant Weatherford contends that there are no allegations contained in either the original complaint or in the plaintiff's amended complaint which support claims for relief against him. Defendant Weatherford argues that he is not personally mentioned anywhere in either pleading, and that the pleadings fail to contain any factual allegations which support a claim of liability against him as the Sumner County Sheriff.

## III. STANDARD OF REVIEW

The motions to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure are reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v.

---

[2] On June 30, 2011, the remaining defendants filed a motion to dismiss (Docket Entry No. 107) based on the plaintiff's failure to respond to their discovery requests.

3

Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S.__, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 129 S.Ct. at 1950. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 1949 (quoting Twombly, 550 U.S. at 557).

## IV. CONCLUSIONS

The motions to dismiss should be granted. The official capacity claims against defendant Sonny Weatherford should be dismissed from the action.[3]

The claim against defendant Weatherford in his official capacity is essentially a suit against the entity of which he is an officer. See Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099,

---

[3] This action does not include any claims of individual liability against defendant Weatherford. By the Order entered March 17, 2011 (Docket Entry No. 78), Weatherford was added as a defendant to the action only in his official capacity as the Sumner County Sheriff and as the successor to defendant Barker in that capacity.

87 L.Ed.2d 114 (1985); Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Accordingly, the official capacity claim against defendant Weatherford as the Sumner County Sheriff is the same as a claim made against Sumner County. See Lambert v. Hartman, 517 F.3d 433, 440 (6th Cir.2008), cert. denied __U.S.__, 129 S.Ct. 905, 173 L.Ed.2d 158 (2009) (civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

A municipal defendant such as Sumner County cannot be deemed liable simply because one of its employees committed a constitutional wrong. See Monell, 436 U.S. at 691; Berry v. City of Detroit, 25 F.3d 1342, 1345 (6th Cir. 1994). For Sumner County to be found liable under Section 1983, the plaintiff must set forth facts in his complaint upon which municipal liability can be found. This requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Sumner County. Monell, 436 U.S. at 690-91; Matthews, 35 F.3d at 1049. In short, there must be a direct causal link between an official policy or custom of Sumner County and an alleged constitutional violation. Otherwise, a Section 1983 claim will not lie. See City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); Doe v. Claiborne Cnty., Tenn., 103 F.3d 495, 507-09 (6th Cir. 1996).

The plaintiff's pleadings simply do not contain any factual allegations supporting a municipal liability claim. Furthermore, despite the shortcomings of the plaintiff's pleadings in this regard being brought to his attention by the defendant through his two motions to dismiss, the plaintiff has not responded to the motions and shown why his official capacity claims should remain in the action.

# R E C O M M E N D A T I O N

For the reasons set out herein, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 92) and motion to dismiss the plaintiff's amended complaint (Docket Entry No. 103) be GRANTED. The official capacity claim against Defendant Sonny Weatherford should be DISMISSED from the action and that Defendant Sonny Weatherford should be DISMISSED as a defendant to the action.[4]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

    JULIET GRIFFIN
    United States Magistrate Judge

---

[4] If this Report and Recommendation is adopted, the remaining claims will be the claims brought against defendants Troutt, Bandy, Williams, Wilkinson, Rush, Cherry, Tarlecky, and Hampton.