IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


ANTONIO FREEMAN      )
             )
   v.         )   NO. 3:10-0697
             )
SONYA TROUTT, et al.     )


TO:  Honorable Aleta Trauger,  District Judge




**R E P O R T   A N D   R E C O M M E N D A T I O N**

   By Order entered November 9, 2010 (Docket Entry No. 43), the Court referred this action

to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any

pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if

necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

   Presently pending before the Court is a motion to dismiss (Docket Entry No. 107) filed by

Defendants Sonya Troutt, Charles Bandy, Alexander Williams, Jeremy Wilkinson, Joey Rush,

Kimberly Cherry, Chris Tarlecky and Lance Hampton ("Defendants").  The plaintiff has filed a

"motion to review," which is actually a response to the motion to dismiss.  See Docket Entry

No. 125.  The Defendants have filed a response (Docket Entry No. 126) to the plaintiff's filing.  For

the reasons set out below, the Court recommends that the motion be denied.

# I. BACKGROUND

The action was filed pro se and in forma pauperis by three inmates at the Sumner County Jail ("Jail"). Two of the plaintiffs, Gordon Storke and Recco Van, have been dismissed from the action[1], and Antonio Freeman is the only remaining plaintiff. Although Plaintiff Freeman was released from the Jail at some point subsequent to filing the action, he is currently incarcerated at the Jail. The plaintiff sued former Sumner County Sheriff Bob Barker and Jail Administrator Sonya Troutt for violations of his civil rights and for negligence based on alleged events surrounding an attack on him by other inmates at the Jail during the summer of 2010.

The plaintiff later amended his complaint adding seven new defendants - Charles Bandy, Alexander Williams, Jeremy Wilkerson, Joey Rush, Kimberly Cherry, Chris Tarlecky, and Lance Hampton - based on their alleged involvement in the events set out in the original complaint and in other events alleged to have occurred at the Jail. See Docket Entry No. 29. The plaintiff was permitted to amend his complaint a second time to supplement his factual allegations and amend his claims for relief. See Order entered December 20, 2010 (Docket Entry No. 59). Joint answers to the first and second amended complaints were filed by defendants Trout, Bandy, Williams, Wilkinson, Rush, Cherry, Tarlecky, and Hampton. See Docket Entry Nos. 58 and 74. On January 7, 2011, a suggestion of the death (Docket Entry No. 76) of defendant Barker was filed, and current Sumner County Sheriff Sonny Weatherford was later substituted for Barker with respect to the official capacity claims brought against defendant Barker. See Order entered March 17, 2011 (Docket Entry No. 78). By Order entered April 27, 2011 (Docket Entry No. 104), the individual

---

[1] See Orders entered September 28, 2010 (Docket Entry No. 21), and April 27, 2011 (Docket Entry No. 104).

capacity claims brought against defendant Barker were dismissed with prejudice. On July 7, 2011, a Report and Recommendation (Docket Entry No. 111) was entered recommending that Defendant Weatherford be dismissed from the action. The Report and Recommendation is currently pending.

## II. MOTION TO DISMISS

The Defendants filed their motion to dismiss on June 30, 2011, asserting that the plaintiff had not answered discovery requests which they served upon him on May 16, 2011, and that the scheduling order (Docket Entry No. 82) set out in the action required all discovery be completed by June 17, 2011. They seek dismissal of the action pursuant to Rule 37(d) of the Federal Rules of Civil Procedure.

By Order entered July 5, 2011 (Docket Entry No. 109), the Court gave the plaintiff until August 5, 2011, to respond to the motion to dismiss. On August 5, 2011, the plaintiff filed a letter with the Court requesting an extension of time to respond to the motion to dismiss. By Order entered August 16, 2011 (Docket Entry No. 117), the Court granted the plaintiff's request for an extension of time and gave him until September 2, 2011, to file a response to the motion to dismiss. In the order, the Court also cancelled the evidentiary hearing which had been scheduled for September 21, 2011.

On September 7, 2011, the plaintiff filed his "motion for review" in which he acknowledges that his responses were late, but asserts that he has now responded to the Defendants' outstanding discovery requests. The plaintiff attaches copies of his discovery responses to his "motion." He also sets out several pages of allegations and accusations of wrongdoings related to his current incarceration.

3

The Defendants respond by arguing that the plaintiff has shown a repeated disregard for deadlines imposed by the Court and failed to comply with three orders issued by the Court setting out deadlines. As a sanction, they request that this action be dismissed with prejudice.[2] See Docket Entry No. 126.

## III. ANALYSIS

Rule 37(d) of the Federal Rule of Civil Procedure provides that the Court may, upon motion, impose sanctions if a party fails to respond after being properly served with interrogatories. Such sanctions may include any of the orders listed in Rule 37(b)(2)(A)(I)-(vi), including "dismissing the action or proceeding in whole or in part." Rule 37(b)(2)(A)(v). See U.S. v. Reyes, 307 F.3d 451, 457-58 (6th Cir. 2002).

The imposition of sanctions or the type of sanctions imposed under Rule 37 is within the sound discretion of the Court based on the facts of each particular case. See National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); Regional Refuse Sys. v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir. 1988). Factors to be considered in determining whether the sanction of dismissal is appropriate include: (1) whether there is willfulness, bad faith, or fault on the part of the party in failing to cooperate in discovery; (2) whether the adversary was prejudiced by the opposing party's failure to cooperate in discovery; (3) whether the non-cooperative party was warned that failure to cooperate could lead to dismissal;

---

[2] The Defendants actually request that the plaintiff's "complaints" be dismissed with prejudice. However, the Court shall construe their motion as pertaining only to the instant action and not to the other civil lawsuits the plaintiff has pending within this District.

and (4) whether less drastic sanctions are appropriate.  <u>Taylor v. Medtronics, Inc.</u>, 861 F.2d 980, 987, (6th Cir. 1988); <u>Regional Refuse Sys.</u>, <u>supra</u>.

The Defendants motion to dismiss should be denied.  Although the plaintiff has obviously missed several deadlines in this action and while the Court is sympathetic to the Defendants' frustration with the plaintiff's tardiness, the plaintiff has now provided responses to the Defendants' discovery requests.  The evidentiary hearing that had been scheduled for September 21, 2011, was cancelled by the Court, lessening the prejudicial impact of the plaintiff's failure to timely respond to their discovery requests.  Further, the Defendants did not file a motion to compel seeking to compel the production of discovery responses from the plaintiff prior to filing their motion to dismiss.  Given all of these factors and the plaintiff's <u>pro se</u> status, the Court finds that the ultimate sanction of dismissal of the action with prejudice is not appropriate.

## R E C O M M E N D A T I O N

For the reasons set out herein, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 107) filed by Defendants Sonya Troutt, Charles Bandy, Alexander Williams, Jeremy Wilkinson, Joey Rush, Kimberly Cherry, Chris Tarlecky and Lance Hampton be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made.  Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District

Court's Order regarding the Report and Recommendation.  See <u>Thomas v. Arn</u>, 474 U.S. 140, 106

S.Ct. 466, 88 L.Ed.2d 435 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET  GRIFFIN
United States Magistrate Judge