UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ANTONIO FREEMAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | No. 3:10-cv-00697 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| SONYA TROUTT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# O R D E R

Plaintiff Antonio Freeman, an inmate at the Sumner County Jail, is proceeding *pro se* and *in forma pauperis*. The plaintiff has filed a motion for review (Docket No. 241) of the Magistrate Judge's Order of June 5, 2012 (Docket No. 224), denying the plaintiff's motion (Docket No. 212) for appointment of counsel. [1]

The plaintiff's motion seeks the review of an order entered by the Magistrate Judge ruling on a non-dispositive matter under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a), Fed. R. Civ. P. (Docket No. 102). Therefore, the court may only modify or set aside the Magistrate Judge's ruling if it is found to be clearly erroneous or contrary to law. (*Id.*)

In the order challenged by the plaintiff, the Magistrate Judge denied the plaintiff's third request for the appointment of counsel in this case. (Docket No. 224). The Magistrate Judge found that, through his filings in this case, the plaintiff has demonstrated the ability to prosecute his action. (*Id.* at p. 2). Likewise, the Magistrate Judge found that the plaintiff had *not* demonstrated that

---

[1] Also pending is a Report and Recommendation issued by the Magistrate Judge on June 29, 2012, in which the Magistrate Judge recommends that the plaintiff's excessive force claim against defendants Rush and Bandy and the plaintiff's failure to protect claims against defendants Williams and Bandy be set for trial. (Docket No. 242).

1

counsel was necessary to present the plaintiff's meritorious issues to the court. (*Id.*) Accordingly, the plaintiff's request for the appointment of counsel was again denied. (*Id.*)

In the plaintiff's motion for review of the Magistrate Judge's order denying the plaintiff's request for the appointment of counsel, (Docket No. 241), the plaintiff states that the Hardeman County Correctional Complex, the facility in which he is incarcerated, now is impeding his access to the courts. Specifically, the plaintiff states that mailroom personnel, a case manager, and the librarian refuse to provide the plaintiff, who is indigent,[2] with paper, pens, and envelopes for preparing and submitting his legal papers to the court. (*Id.* at p. 2). The plaintiff further states that the facility charges him twenty-five cents (.25) for every legal copy he requests, and the plaintiff lacks sufficient funds to comply with court rules for submitting multiple copies of documents to the court. (*Id.*) The plaintiff believes that persons at the facility intentionally are impeding the plaintiff's ability to prosecute this action and to file other actions. (*Id.* at pp. 2-3). The plaintiff states that he is selling the food from his jail meals in order to obtain money to purchase writing materials so that he can continue to communicate with the court. (*Id.* at p. 3). For these reasons, the plaintiff believes that exceptional circumstances now exist that warrant the appointment of counsel.

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen

---

[2]The court granted the plaintiff's application to proceed as a pauper in this action. (Docket No. 43).

to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824–25. An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley–Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96–2043, 1997 WL 720482, at *1–2 (6th Cir. Nov.12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a non-frivolous legal claim. *Lewis*, 518 U.S. at 351–53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996).

Plaintiff Freeman now alleges that the facility's refusal to provide him with paper, a pen, and stamps is hindering his efforts to prosecute this action and to file another action for retaliation. The plaintiff also alleges that he is selling his food to other inmates in order to obtain money for purchasing the needed supplies. The plaintiff has sought permission from a state court to reconfigure mandatory deductions from his inmate trust fund account so that the plaintiff has enough money in the account for the needed supplies, but the state court denied the plaintiff's request given the governing statute.

Consequently, the court finds that the plaintiff's circumstances, as represented by the plaintiff in writing to the court, have changed since the time the plaintiff first requested the appointment of counsel, and these circumstances now warrant the appointment of counsel in this matter. As the Magistrate Judge has now recommended that two of the plaintiff's claims be set for trial (*see* Docket No. 242), the courts find that the appointment of counsel in this matter will serve

the interests of justice and judicial economy.

Accordingly, because the circumstances now warrant the appointment of counsel, the plaintiff's motion for review (Docket No. 241) is hereby **GRANTED**. The plaintiff's motion for appointment of counsel (Docket No. 212) is likewise **GRANTED**.

It is hereby **ORDERED** that the Clerk of Court shall appoint counsel from the court's panel to represent the plaintiff in this case. This case shall remain on referral to the Magistrate Judge.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge