# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| ANTONIO FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:10-0697 |
| | ) | Judge Trauger |
| CHARLES BANDY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

The plaintiff has filed a Motion For His Attorneys to Be Permitted to Interview Jurors Regarding Their Deliberations And Verdict (Docket No. 339), to which the defendants have responded in opposition (Docket No. 347). The grounds for the plaintiff's motion is simply that one juror appeared very emotional when reluctantly responding positively to the court's polling of the jury as to whether or not the verdicts read aloud in the courtroom were the verdicts of each individual juror.

Rule 606(b) of the FEDERAL RULES OF EVIDENCE provides in part:

(1) . . . a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.

(2) A juror may testify about whether:

    (A) extraneous prejudicial information was improperly brought to the jury's attention;

    (B) an outside influence was improperly brought to bear on any juror; or

1

(C) a mistake was made in entering the verdict on the verdict form.

The jurors in this case heard a total of 9-1/2 hours of testimony over three days and deliberated for over four hours, returning multiple verdicts in favor of the three corrections officer defendants. The failure to protect and excessive force claims by the black former prisoner plaintiff against three white corrections officers were tinged with allegations of racial prejudice. The juror who responded emotionally to the court's polling of the jury was the only black juror and one of two females on the seven-person jury. The court itself, in thanking all counsel for their excellent representation and presentations, described this case as very difficult and hard for all of the parties. It is not surprising, therefore, that this juror was emotional in her responses to the court.

"[T]he only aspect of deliberations a juror may testify about is whether deliberations were influenced by extraneous influence or information." *United States v. Lloyd*, 462 F.3d 510, 521 (6th Cir. 2006). There is not a scintilla of evidence that this jury was influenced by extraneous influence or information. Indeed, they would have had very little, if any, opportunity to be so influenced. In this district, jurors are not permitted access to their cell phones in the jury room. This jury, which retired to begin deliberation at approximately 12:30 p.m., decided to have lunch brought up to them in the jury room so that they could begin their deliberations. Restrooms are contained within the jury room, and the jury took no evening recess. It is the practice in this district that, during deliberation, if a juror must leave the room for any reason, the juror is accompanied by a court security officer to assure isolation from outside influences. Therefore, it is highly unlikely that any extraneous influence or information was injected into the jury deliberation process.

The fact that this juror in this situation found it difficult to affirm in open court that she had agreed upon the verdicts with the other jurors is not an indication that she did not vote her own mind in returning the verdicts.

The decision whether to allow attorneys to interview jurors after a trial lies in the sound discretion of the trial judge. *Holmes v. Telecheck Int'l, Inc.*, 2008 U.S. Dist. LEXIS 18789, 2008 WL 687098, *1 (M.D. Tenn. Mar. 10, 2008) (citing *Wilkerson v. Johnson*, 699 F.2d 325, 330 (6th Cir. 1983)). Generally post-trial interviews of jurors are disfavored in the federal courts, because they "invade the province of the jury room" and encourage "fishing expeditions" in search of information to "impeach jury verdicts." *Id.* (citing *Tschira v. Willingham*, 135 F.3d 1077, 1089 (6th Cir. 1998)).

For the reasons expressed herein, the plaintiff's Motion (Docket No. 339) is **DENIED**.

It is so **ORDERED**.

ENTER this 30th day of October 2013.

_____
ALETA A. TRAUGER
U.S. District Judge